Dear Mr. Bruce C. Myers,
You have asked for our opinion about the procedures that apply when a member of the Legislative Auditor's staff, as part of the Auditor's official duties, reviews financial disclosure statements of public officials on file with the State Ethics Commission. Specifically, you ask whether the Ethics Commission is required to record the name and home address of the staff member and to make that information available upon request to the individuals who submitted the financial disclosure statements.
In our opinion, the staff of the Legislative Auditor is not required to provide a home address as a condition of examining financial disclosure statements in connection with a review or audit. Nor is the Ethics Commission required to provide information concerning the Auditor's inspection to the filer of the financial disclosure statement. The requirement to record and forward such information about public
inspection of financial disclosure statements is a condition of public access to such statements under the Public Ethics Law.
However, the General Assembly has granted the Legislative Auditor a broad right of access to records held by State agencies, independent of other laws that may also grant access to those records. Thus, the Auditor is entitled to access to financial disclosure statements under the Audit Law without following the procedures of the Public Ethics Law.
 I Auditor Access to Agency Records
The General Assembly has granted the Legislative Auditor broad access to records held by State agencies. In particular, the relevant statute provides:
 Except as prohibited by the federal Internal Revenue Code, during an audit or review, they employees of the Office of Legislative Audits shall have access to and may inspect the records, including those that are confidential by law, of any unit of the State government or of a person or other body receiving State funds, with respect to any matter under the jurisdiction of the Office of Legislative Audits.
Annotated Code of Maryland, State Government Article ("SG"), § 2-1223(a)(1) (emphasis added). In some circumstances, the Auditor may obtain access to records of private contractors and subcontractors. SG § 2-1223(a)(2). It is evident from the text of this statute that the Auditor's right of access is not limited to the particular agency under review or audit. In other words, if relevant to the review or audit of one agency, the Auditor has authority to obtain records or information from another agency.
The statute further requires agencies that are under audit or review by the Auditor to provide any information that the Auditor determines is needed for that review. SG § 2-1223(b). The Auditor may issue process similar to a subpoena and enlist the assistance of a circuit court to enforce such a request. SG § 2-1223(c).
 II Public Ethics Law
The Public Ethics Law requires various State officials, candidates for public office, and members of boards and commissions to file financial disclosure statements. SG § 15-601 et seq. Those financial disclosure statements are available for public scrutiny at the Ethics Commission. SG § 15-606(a)(1). The Ethics Commission may charge a fee and adopt other administrative procedures related to the examination and copying of a statement. SG sec; 15-606(a)(2).
The statute itself specifies certain procedures related to recordkeeping and notice. The Ethics Commission must obtain the name and home address of each individual who examines or copies a financial disclosure statement together with the name of the individual whose statement was reviewed. SG sec; 15-606(b)(1). That information is to be forwarded to the individual who submitted the statement upon that individual's request. SG sec; 15-606(b)(2).[1]
By contrast, the Public Information Act, which governs access to most public records, does not require that a person who seeks to review a public record provide a name or address. Indeed, the Public Information Act generally forbids a custodian of public records from conditioning access to a record on the identity or organizational affiliation of the applicant.
SG sec; 10-614(c)(1).
In a sense, the Public Ethics Law balances one form of public disclosure with another. In return for bearing the burden of disclosing personal financial affairs to the public, an official or candidate for office is entitled to know basic information about members of the public who access that information. Conversely, one who wants to know about the financial affairs of a State official or candidate must be willing to disclose a minimum amount of his or her own personal information.
 III Analysis
You have asked whether the procedures set forth in SG § 15-606 (b) apply when the staff of the Legislative Auditor reviews and copies financial disclosure statements on file with the Ethics Commission.
This Office has previously concluded that the procedures governing requests under the Public Information Act do not apply to requests by the Legislative Auditor for access to records held by an agency. 76 Opinionsof the Attorney General 287 (1991). In particular, an agency may not require the Auditor to submit a written application, as it could require a member of the public or another government agency to do under SG sec; 10-614(a). The opinion characterized the audit statute as "a self-contained mechanism for access by the Legislative Auditor to agency records." 76 Opinions of the Attorney General 287, 291 (1991).
Moreover, an Auditor's request is not subject to the substantive restrictions that would apply to a request by another unit of government or a member of the general public. For example, the Auditor may review personnel files that otherwise are available by law only to a supervisor or a "person in interest." See 60 Opinions of the Attorney General 554 (1975). See also 63 Opinions of the Attorney General 453 (1978) (access of Legislative Auditor to medical records). This special access extends to records of the State Ethics Commission that are otherwise confidential. See Letter of Assistant Attorney General Robert A. Zarnoch to John E. O'Donnell (February 5, 1990). The Auditor must maintain the confidentiality of such records in any audit report. Id.
In our opinion, the procedures set forth in the Public Ethics Law contemplate the inspection and copying of a disclosure statement by a member of the public. By contrast, the Legislative Auditor has special access to agency records in connection with a review or audit of an agency and need not access those records as a member of the general public. We think it unlikely that the Legislature intended to require members of the Auditor's staff to provide their home addresses when reviewing disclosure statements as part of their official duties.[2]
Indeed, to require a member of the Auditor's staff to publicly disclose which financial statements he or she has reviewed is arguably at odds with the requirement that staff keep confidential information obtained during an audit. See SG sec; 2-1226.
Thus, the procedures set forth in SG sec; 15-606(b) do not apply to the inspection or copying of financial disclosure statements by the staff of the Legislative Auditor when staff is carrying out the Auditor's official duties.[3] Of course, the Ethics Commission may require a member of the Auditor's staff to provide identification to ascertain that the staff member is entitled to such access without providing a home address.
 IV Conclusion
In our opinion, the Legislative Auditor is entitled to examine financial disclosure statements under the Audit Law in connection with an audit or review. That law does not incorporate the procedures in the Public Ethics Law for public access. Thus, a member of the Auditor's staff may examine financial disclosure statements on file with the State Ethics Commission without providing a home address. Nor is the Ethics Commission required to notify the filer of such access.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] The requirement that financial disclosure forms of public officials be available to the public was part of the ethics law when it was originally enacted, as was the requirement that a person examining or copying a form provide his or her name and home address. Chapter 3, sec; 2, Special Session, Laws of Maryland 1973, then codified at former Article 33, sec; 29-4(c)-(d). When the law was revised in 1979 to create the State Ethics Commission, those provisions were retained, along with the further direction to send the identity and home address to the individual who had filed the financial disclosure statement, on request of the filer. Chapter 513, Laws of Maryland 1979.
[2] Notably, home addresses of public employees are protected from disclosure under the Public Information Act. SG sec; 10-617(e); Governor v. Washington Post Co., 360 Md. 520, 759 A.2d 249 (2000).
[3] If a member of the Auditor's staff reviews or copies financial disclosure statements for personal purposes, he or she must do so on the same basis as any other member of the public. *Page 120